UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN DILLON SEXTON and PARKER SEXTON | : | CASE NO.: 3:26-cv-00088-SDD-EWD |
| VERSUS | : | JUDGE SHELLY D. DICK |
| JOHN CHAMBLISS and NEW ROADS POLICE DEPARTMENT | : | MAGISTRATE ERIN WILDER-DOOMES |

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

## **MEMORANDUM IN OPPOSITION TO MOTION TO REMAND**

MAY IT PLEASE THE COURT:

NOW INTO COURT, through undersigned counsel, comes defendant, the NEW ROADS POLICE DEPARTMENT, who files this Memorandum in Opposition to plaintiffs' Motion to Remand [Doc. 6] for the following reasons:

## **FACTUAL BACKGROUND**

On December 8, 2025, plaintiffs, John Dillon Sexton, individually and on behalf of his minor son, Parker Sexton, filed a Petition for Damages in the 18th Judicial District Court, Parish of Pointe Coupee [Doc. 1-1]. Defendant timely removed the matter to this Honorable Court on January 22, 2026 [Doc.1-2, which shows that defendant was served with the Petition on January 6, 2026].

In paragraph 2, plaintiffs allege that state courts have jurisdiction over claims brought "under 42 U.S.C. § 1983." Also, in paragraph 19, plaintiffs allege that the officer "knew it was clearly established that it was unconstitutional to shoot a fleeing person for a 'disturbance.'" Further, in paragraph 28, it is alleged that plaintiffs are: ". . . entitled to an award of *punitive damages* against him [Officer Chambliss] pursuant to 42 U.S.C. § 1983."

Defendant filed a Notice to Remove the case on January 22, 2026 [Doc. 1]. In response, plaintiffs filed a First Amended Complaint, amending Paragraph 2 of their original Petition to remove the sentence reading, "Additionally, state courts have concurrent jurisdiction over claims brought under 42 U.S.C. §1983," and Paragraph 28 of their original Petition to delete the paragraph entirely. The Amended Petition fails to comply with Local Rule 10(a)(5).[1]

However, a clear reading of Plaintiffs' original and First Amended Petition reveals that as factually pled, there remain claims for which this Honorable Court has subject matter jurisdiction. Namely, defendant points out the verbiage used in the remaining, unmodified Paragraphs of plaintiffs' original Petition, which, by their wording and essence, plead a federal cause of action:

A. **Paragraph 13 reads:** "Under these circumstances, the conduct of OFFICER CHAMBLISS was intentional, excessive, unlawful, malicious, oppressive, and ***deliberately indifferent*** to MR. SEXTON'S rights, and ***no reasonable law enforcement officer would believe that his conduct did not violate clearly established law to be free from excessive force.***"[2]

B. **Paragraph 16 reads:** "***Acting under color of law***, OFFICER CHAMBLISS knowingly, recklessly, and with ***deliberate indifference and callous disregard*** for MR. SEXTON'S rights, used excessive force in striking MR. SEXTON, including the shooting of MR. SEXTON, on numerous occasions."[3]

---

[1] Local Rule 10(a)(5) reads: "An amended complaint will supersede any prior filed complaint. Except to the extent that adoption by reference is permitted under Fed. R. Civ. P. 10(c), an amended complaint shall set forth amended allegations ***and fully restate all other allegations against all parties***."

[2] Qualified immunity shields government officials from liability if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. To determine whether a government official is entitled to qualified immunity, courts must decide (1) whether a plaintiff has alleged facts sufficient to establish a constitutional violation, and (2) ***whether the right at issue was clearly established at the time of the defendant's alleged misconduct***. *Cantu v. Austin Police Dep't*, 2025 LX 119471, at *5 (5th Cir. Jan. 17, 2025).

[3] To state a claim under § 1983, two elements must be shown: first, that the plaintiff was deprived of a right or interest secured by the Constitution and laws of the United States, and second, that the deprivation occurred by someone ***acting under the color of state law***. *Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 203 (5th Cir. 1996) citing

C.     **Paragraph 18 reads:** "OFFICER CHAMBLISS' actions after the fact demonstrate that he could not have reasonably believed his actions were lawful, *in light of clearly established law* and the actual information he possessed."

D.     **Paragraph 19 reads:** "OFFICER CHAMBLISS *knew it was clearly established that it was unconstitutional* to shoot a fleeing person for a 'disturbance', especially when he posed no threat to the safety of the officer or any others."

E.     **Paragraph 24 reads:** "In particular, the NEW ROADS POLICE DEPARTMENT failed to train officers on the *constitutional limitations* regarding the use of deadly force to apprehend fleeing individual. By failing to train officers, the *harm suffered by Mr. Sexton was predictable*."[4]

F.     **Paragraph 29 reads:** "In addition to compensatory and *punitive damages*, MR. SEXTON is entitled to an award of judicial interest from the date of judicial demand, for the following damages: a. Past and future medical expenses; b. Past and future lost wages and/or earnings capacity; c. Past and future physical pain and suffering; b. Past and future mental pain and suffering; c. Loss of enjoyment of life; d. Past and future mental anguish and emotional damages; e. Harassment and embarrassment; f. Scarring and disfigurement; and g. All other damages that may be established at trial."[5]

---

*Flagg Bros, Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994).

[4] To establish a *Monell* claim under federal law against a municipality, plaintiffs must show that the municipal action has led an employee to violate a plaintiff's rights and must demonstrate that the municipal action was taken with "deliberate indifference" as to its known or obvious consequences. *Bd. of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 407 (1997). Further, as stated by the Fifth Circuit in *Henderson v. Harris County*, 51 F.4th 125, 131 (5th Cir. 2022):

> "To show deliberate indifference, a plaintiff normally must allege 'a pattern of similar constitutional violations by untrained employees.'" *Hutcheson*, 994 F.3d at 482 (quoting *Connick v. Thompson*, 563 U.S. 51, 62, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011)). If a plaintiff cannot allege a pattern, "it is still possible to establish deliberate indifference through the single-incident exception." *Id.* But that exception is "extremely narrow." *Id.* (citation omitted). Indeed, "[t]he single-incident exception 'is generally reserved for those cases in which the government actor was provided *no training whatsoever*.'" *Id.* at 483 (emphasis added) (quoting *Peña*, 879 F.3d at 624). And it requires proving "that the **highly predictable consequence of a failure to train would result in the specific injury suffered**." *Id.* at 482 (quoting *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010)). "For a violation to be 'highly predictable,' the municipality 'must have failed to train its employees concerning a clear constitutional duty implicated in recurrent situations that a particular employee is certain to face.'" *Id.* at 483 (quoting *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 624-25 (5th Cir. 2018)).

[5] It is well settled under Louisiana state law that punitive damages are not allowed in civil cases unless specifically provided for by statute. *Vincent vs. Morgan's Louisiana & T.R. & S.S. Co.*, 140 La. 1027, 74 So. 541 (1917); *American Steel Building Co. vs. Brezner*, 158 So. 2d 623 (La. App. 3 Cir. 12/3/1963); *Scamardo vs. Dunaway*, 94-545 (La. App. 5 Cir. 2/15/95), 650 So. 2d 417. In the absence of such a specific statutory provision,

These paragraphs in the original Petition have not been amended or otherwise modified by plaintiffs' First Amending Petition for Damages, and under Louisiana law, have factually pled claims invoking federal question jurisdiction.[6] Contrary to plaintiffs' assertions in the Motion to Remand, all federal claims have not been removed from the original and First Amending Petitions. For the reasons stated more fully herein, Plaintiffs' Motion to Remand should be denied.

## LAW & ARGUMENT

When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed. See *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939). Thus, when there is a subsequent narrowing of the issues such that the federal claims are eliminated and only pendent state claims remain, **federal jurisdiction is not extinguished**. Instead, the decision as to whether to retain the pendent claims lies within the sound discretion of the district court. See *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980), *cert. denied*, 450 U.S. 949 (1981); *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990). A close look at Plaintiffs' original Petition reveals that removal was proper. Plaintiffs' post-removal attempt to strip federal claims does not divest the district court of subject matter jurisdiction if there was a basis for jurisdiction at the time of removal. *Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994); *Poole v. City of Shreveport*, 2018 U.S. Dist. LEXIS 186446, at *16 (W.D. La. Oct. 18, 2018); *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d

---

only compensatory damages may be recovered. *International Harvester Credit Corp. v. Seale,* 518 So. 2d 1039, 1041 (La. 1988).

[6]Defendant concedes that the basis for this Honorable Court's jurisdiction is not based on diversity jurisdiction.

633, 636 (5th Cir. 2014); see also *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264-65 (5th Cir. 1995) (recognizing that removal jurisdiction is determined on the basis of the complaint at the time of removal).

Further, to state a claim under § 1983, two elements must be shown: first, that the plaintiff was deprived of a right or interest secured by the Constitution and laws of the United States, and second, that the deprivation occurred by someone acting under the color of state law. *Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 203 (5th Cir. 1996) citing *Flagg Bros, Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994). Determining whether a particular case arises under federal law turns on the "'well-pleaded complaint'" rule. *Franchise Tax Bd. of Cal. v.Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9-10 (1983). The High Court has explained that:

> Whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207, (2004). Under the "well-pleaded complaint" rule, an action arises under federal law "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v.Williams*, 482 U.S. 386, 392 (1987). The relevant statute states that a federal district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. 1331. Thus, a federal question is presented when the complaint invokes federal law as the basis for relief. A plaintiff is the master of his complaint and may avoid federal jurisdiction by exclusive reliance on state law. See *Caterpillar*

*Inc., supra*. This is not a case in which the defendant seeks to invoke federal jurisdiction based on a federal defense or the "artful pleading" doctrine; rather, removal was based on the original Petition claiming violations under Section 1983, and plaintiffs' subsequent failure to remove all references to claims that, by definition and use of specific buzz words, plead federal causes of action, reveals that the Court should maintain jurisdiction over this litigation.[7]

In *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), the Court discussed the considerations that should guide federal courts in deciding whether to retain pendent state claims:

> [A] federal court should consider and weigh in each case and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims.

In addition, courts should consider whether the plaintiff has "attempted to manipulate the forum" in which his case will be heard "simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case," and should guard against such manipulation by denying motions to remand where appropriate. *Id.* at 357. The Fifth Circuit has consistently applied these principles, emphasizing that no single factor is dispositive, and the decision must be made on a case-by-case basis. *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250 (5th Cir. 1990); *Scottsdale Ins. Co. v. All Citizens Transp., LLC*, 456 F. Supp. 3d 795 (E.D. Tex. April 24,

---

[7]Specifically, plaintiffs' use of phrases such as "under color of law," "deliberate indifference," "clearly established constitutional rights," that the failure to train led to "predictable" injuries, and the request for punitive damages all invoke phrasing and terminology specific to claims made under federal law generally, and specifically the Fourth Amendment, *Monell*, and 42 U.S.C. 1983. For instance, punitive damages are authorized under §1983 "when the defendant's conduct is shown the be motivated by evil motive or intent, or when it involves **reckless or callous indifference** to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983)(emphasis added). There exists no statutory basis under these facts for an award of punitive damages under Louisiana law. Assuming *arguendo* that plaintiffs would be able to establish that defendants acted with reckless or callous indifference, the source of any punitive damage award would be under §1983 exclusively. *Fuller v. Jones*, 2015 U.S. Dist. LEXIS 24201, at *8-9 (W.D. La. Feb. 27, 2015).

2020); *Mendoza v. Murphy*, 532 F.3d 342 (5th Cir. 2008); *Brookshire Bros. Holding v. Dayco Prods.*, 554 F.3d 595 (5th Cir. 2009).

The Supreme Court in *Carnegie-Mellon* explicitly recognized the potential for plaintiffs to manipulate forums by dismissing federal claims after removal to federal court. It instructed district courts to consider such behavior when deciding whether to remand. If forum manipulation is evident, it may weigh against remand, but it is not dispositive and must be balanced against other factors. *Carnegie-Mellon, supra*; *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250 (5th Cir. 1990). For example, in *Brown*, the Fifth Circuit upheld the district court's decision to retain jurisdiction, finding that the plaintiff's dismissal of federal claims and motion for remand constituted an attempt to manipulate the forum. The court noted that retaining jurisdiction avoided wasting judicial resources, as the federal court was already familiar with the case after significant discovery.

Similarly, in *Taylor v. Peak Behav. Health, Servs. LLC*, 735 F. Supp. 3d 784 (W.D. Tex. May 28, 2024), the court found evidence of likely forum manipulation when the plaintiff dismissed federal claims without providing a substantive reason. While the court acknowledged that fairness and guarding against forum shopping weighed in favor of retaining jurisdiction, it also considered other factors, such as convenience and comity, which ultimately supported remand.

### I.   *Balancing Factors*

In addition to the above arguments revealing that plaintiffs have not, in fact, deleted all of their federal claims by the filing of their First Amending Petition, defendant shows that the Fifth Circuit has emphasized that the statutory factors under 28 USC 1367 and the common-law

factors outlined in *Carnegie-Mellon* must be weighed together.[8] These include:

        **A.**      **Judicial Economy**

Retaining jurisdiction may be appropriate if the federal court has already invested significant time and resources in the case, as in *Brown, supra*. Admittedly, this case is in its infancy in this Honorable Court; however, the only served defendant has filed a dispositive Motion prior to the plaintiffs' filing of a Motion to Remand [Doc. 5]. In light of the defendant's motion currently pending, it would be more efficient for this Honorable Court to rule on the pending Motion instead of having the parties again brief the Motion in state court.[9] Furthermore, the way the pleadings currently read, including consideration of the allegations in plaintiffs' original and First Amending Petitions, a remand to state court with the pleadings in their current posture and format would force defendant to file an Exception of Vagueness to positively confirm that plaintiffs are not making any federal law claims. The case of *Celcog, LLC v. Perkins*, 54,254 (La. App. 2 Cir. 5/18/22); 340 So.3d 1259, *writ denied*, 2022-00959 (La. 11/01/22), 349 So. 3d 9, *cert. denied*, 143 S.Ct. 1004, 215 L. Ed. 2d 139 (2023), is directly on point for this issue. In *Celcog*, plaintiffs filed suit asserting claims only under the Louisiana state constitution challenging the Shreveport Mayor's issuance of an executive order during the COVID-19 pandemic, but claimed they were entitled to relief because "the conduct sought to be restrained" was "unconstitutional." After plaintiff obtained a preliminary injunction, the plaintiffs' moved for an award of attorney's fees under 42 U.S.C. 1988, claiming that their

---

[8] On this front, defendant also points out plaintiffs admission on page 5 of their Memorandum in Support of Motion to Remand that "the federal claims have not been formally dismissed at this time..."

[9] Undersigned counsel notes here that Assistant Chief Chambliss has not yet been served, nor has the City of New Roads. Undersigned counsel requested Waivers of Citation and Service forms from plaintiffs' counsel, but has not received any, to date.

petition asserted claims that were actionable under both state and federal law. The defendant opposed the plaintiffs' motion, arguing that Section 1988 was inapplicable, because the plaintiffs failed to allege a single violation of the US Constitution or any other federal statute. Despite the trial court acknowledging that the plaintiffs' petition specifically referred to only Louisiana statutes and the Louisiana constitution, it nonetheless ruled that the plaintiffs were entitled to attorney's fees because both the Louisiana and United States Constitutions were at issue in the case. On appeal, the Louisiana Second Circuit Court of Appeals affirmed the award of attorney's fees under Section 1988, stating that it is well established that Louisiana law utilizes a system of fact pleading wherein no technical forms of pleading are required. The plaintiff need not plead a theory of the case, but only facts that would support recovery. After reviewing other jurisprudence, the Second Circuit held that the *Celcog* plaintiffs' petition "clearly contains material facts sufficient to support a demand for recovery under §1983. ... Accordingly, since Businesses prevailed on the merits of their claims, having successfully established a violation of the due process clause, they were entitled to the recovery of costs incurred pursuant to §1988." Thus, based on *Celcog* and the ambiguity of the remaining allegations in plaintiffs' Petitions, the "fact-pleading" nature of a Louisiana state court's review of the application of remedies under federal law based on the facts pled, and the untenable position this puts defendant in at this juncture, this factor weighs in favor of this Honorable Court denying plaintiffs' Motion to Remand at this time.

### B. Convenience

If remand would not inconvenience the parties or prejudice the defendant, this factor may favor remand. *Scottsdale Ins. Co. v. All Citizens Transp.*, LLC, 456 F. Supp. 3d 795 (E.D. Tex.

April 24, 2020); *Taylor, supra*. Due to the close proximity between New Roads and Baton Rouge, the location itself would not present an inconvenience to the parties or the witnesses. Thus, this consideration is neutral. Potential prejudice to the yet-to-be served officer defendant is addressed in Section C, *infra*.

### C.    Fairness

Evidence of forum manipulation, such as dismissing federal claims to secure a state forum, may weigh against remand. However, the Fifth Circuit has held that not all dismissals of federal claims constitute improper manipulation, as seen in *Enochs v. Lampasas County*, 641 F.3d 155 (5th Cir. 2011). Retention of jurisdiction may be justified to ensure fairness to the parties, especially if the state law claims are closely intertwined with federal issues or if transferring the case to state court would cause undue delay or prejudice. *City of Chi. v. Int'l College of Surgeons*, 522 U.S. 156 (1997). In cases involving extensive media coverage, such as officer-involved shootings, courts must also consider the potential impact of public commentary and media attention on the administration of justice. While media coverage alone does not preclude the exercise of jurisdiction, courts have a duty to ensure that the trial process remains impartial and free from undue external influence. The Supreme Court in *Skilling v. United States*, 561 U.S. 358 (2010), highlighted the importance of ensuring that jurors can render a verdict based solely on trial evidence, unswayed by outside influences, including media coverage. The Court has an independent obligation to "avoid the creation of a 'carnival atmosphere' in high-profile cases." *United States v. Brown*, 218 F.3d 415, 429 (5th Cir. 2000) (quoting *Sheppard*

*v. Maxwell*, 384 U.S. 333, 358 (1966)), which could prejudice the fair administration of justice.[10]

Here, there has been extensive media coverage regarding the incident sued upon, with additional reports of purported post-incident conduct that have been wrongfully linked to the officer involved in this case and/or involve conduct that is wholly unrelated to the underlying facts of this case, but have been commented on by plaintiffs' counsel. In addition, plaintiff himself is the son of a politician who holds an elected office in the 18th Judicial District Court, which includes the parish where this lawsuit was originally filed, Pointe Coupee Parish.[11] See the following media article links which represent a small sampling of the media articles published on the incident sued upon (and do not include comments on other social media platforms, such as Facebook, YouTube, or Instagram):

    a.    https://www.thepointecoupeebanner.com/stories/civil-lawsuit-filed-after-officer-involved-shooting,37629

    b.    https://www.msn.com/en-us/news/crime/i-team-man-shot-by-new-roads-officer-is-son-of-iberville-official/ar-AA1N5sBf

    c.    I-TEAM EXCLUSIVE: Grand jury clears man shot by police officer

    d.    WBRZ Investigative Unit: Watch the tense moments leading up to assessor's son being shot by New Roads Police

    e.    https://www.wafb.com/2026/02/04/i-team-officer-who-shot-public-officials-son-resigns-after-another-problem/

---

[10] In high-profile cases involving extensive media coverage, federal courts may consider whether retaining jurisdiction would better safeguard the impartiality of the proceedings. Federal courts are equipped to manage such cases through measures like jury selection procedures and protective orders to mitigate the influence of media coverage and public commentary. *Skilling, supra*; *United States v. Smith*, 985 F. Supp. 2d 506 (S.D. NY December 4, 2013).

[11] The 18th Judicial District Court has original jurisdiction of all civil and criminal matters in Pointe Coupee, Iberville and West Baton Rouge Parishes, while this Honorable Court has a broader geographical base encompassing service to nine parishes: Ascension, East Baton Rouge, West Baton Rouge, East Feliciana, West Feliciana, Iberville, Livingston, Pointe Coupee, and St. Helena.

      f.      https://www.wafb.com/2026/02/06/i-team-man-jailed-20-hours-stolen-gun-charges-gun-was-legal/

      g.      https://www.wbrz.com/news/new-roads-officer-who-shot-man-resigns-from-job-following-alleged-improper-arrest

Based on the foregoing, fairness to the named defendants weighs in favor of retaining jurisdiction and denying plaintiffs' request for remand.

    **D.**    **Comity**

Federal courts are generally less equipped to handle state-law claims, and comity often favors remand, particularly when state-law issues predominate. *Taylor, supra*; *Enochs v. Lampasas County*, 641 F.3d 155 (5th Cir. 2011). While comity generally favors allowing state courts to decide state law issues, federal courts may retain jurisdiction if the state law claims do not involve novel or complex issues, or if the federal court is better positioned to resolve the claims efficiently. 28 USC 1367; *Lambert v. Fiorentini*, 949 F.3d 22 (1st Cir. 2020). Defendant shows that the issues involved in this case generally, the claims of use of excessive force, do not involve novel or complex issues of state law. In fact, this Honorable Court is more than well-equipped, especially considering the precepts of *Scott v. Harris,* 550 U.S. 372 (2007) and concepts like qualified immunity (which are equally applicable to any state law constitutional violation claims pled or implied pursuant to *Moresi v. State*, 567 So.2d 1081 (La. 1990)), to consider and rule expeditiously on the claims sued upon.[12] This Honorable Court is better positioned to resolve the claims in this lawsuit swiftly and efficiently, especially as pled in its

---

[12]Plaintiffs' Petition acknowledges that Chambliss was wearing a body worn camera which recorded the incident and contended that the police department refused to turn over the body camera footage (which was initially declined in light of pending criminal proceedings not finalized at the time the suit was filed, as allowed by La. R.S. 44:3(A)) (Doc.1-1, ¶¶26-27). Plaintiffs' counsel is now in possession of the body camera footage.

current posture. Thus, comity does not weigh against this Honorable Court retaining jurisdiction over this case.

## CONCLUSION

While the "general rule" is to decline jurisdiction over state-law claims when *all* federal claims are dismissed, particularly at an early state of litigation, defendant shows that not *all* of the federal law claims were dismissed by plaintiffs' First Amending Petition. In addition, considerations of forum manipulation and fairness weigh heavily in favor of this Honorable Court retaining jurisdiction over these proceedings, while the remaining factors are either neutral or do not weigh heavily in favor of remand. For all of the reasons stated herein, defendant prays that plaintiffs' Motion to Remand be denied.

BORNE, WILKES & RABALAIS, L.L.C.

BY:   S/Joy C. Rabalais
JOY C. RABALAIS (26476), T.A.
JORDAN JOHN HENAGAN (36206)
GRANT R. SCHEXNAILDER (40040)
HUNTER B. AHIA (40251)
200 West Congress Street, Suite 1000
Post Office Box 4305
Lafayette, Louisiana 70502-4305
Telephone: (337) 232-1604 Ext. 232
Facsimile: (337) 232-1837
E-mail: rabalais@bornewilkes.com

ATTORNEYS FOR the NEW ROADS POLICE DEPARTMENT