UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**JOHN DILLON SEXTON, ET AL.**                               **CIVIL ACTION**

**VERSUS**                                                    **NO. 26-88-SDD-EWD**

**JOHN CHAMBLISS, ET AL.**

### TELEPHONE CONFERENCE REPORT

A telephone conference was held before Magistrate Judge Erin Wilder-Doomes on February 10, 2026 with the following participants:

| PARTICIPANTS: | Robert M. Marionneaux, Jr.<br>Rob Marionneaux, III<br>B. Cade Melancon<br>Counsel for Plaintiff,[1]<br>John Dillon Sexton &<br>Parker Sexton | Joy C. Rabalais<br>Jordan J. Henagan<br>Counsel for Defendant,<br>New Roads Police Depart.<br>City of New Roads |
|---|---|---|

The purpose of the conference was to discuss subject matter jurisdiction. On January 22, 2026, the New Roads Police Department/City of New Roads ("Defendant") removed this matter from the Eighteenth Judicial District Court for the Parish of Pointe Coupee and correctly asserted that this Court has federal question jurisdiction[2] based on John Dillon Sexton's ("Plaintiff") 42 U.S.C. § 1983 claims in his Petition for Damages ("Complaint").[3] The next day, Plaintiff filed his First Amending Petition for Damages ("Amended Complaint") as of right pursuant to Fed. R. Civ. P. 15(a)(1)(A).[4] The Amended Complaint strikes sentences in paragraphs 2 and 28 of the original

---

[1] Parker Sexton is a minor, and his father brings claims on his behalf; therefore, they are referred to in the singular, *e.g.*, "Plaintiff."

[2] No other basis for jurisdiction was pleaded, and no other basis for jurisdiction exists as the parties are not diverse. Defendant concedes that removal was not premised on diversity jurisdiction. R. Doc. 7, p. 4, n.6.

[3] R. Doc. 1 and *see* R. Doc. 1-1.

[4] The Amended Complaint mistakenly cites Rule 5 as authority for amendment. The Amended Complaint is not comprehensive and does not specifically adopt the prior Complaint by reference and thus fails to comply with Local Civil Rule 10(a)(5).

Complaint that referenced § 1983.[5]  The Court set the conference to discuss subject matter jurisdiction in light of Plaintiff's amendments, which appeared to be an attempt to remove his federal claims.[6]  On February 6, 2026, Plaintiff filed his Motion to Remand, contending that the Court lacks jurisdiction over this matter because "plaintiff amended his Petition for Damages to remove any allegations in his Petition founded upon 42 U.S.C. § 1983."[7]

On February 9, 2026, Defendant filed its Memorandum in Opposition to Motion to Remand ("Opposition"), contending that the Court does have federal question subject matter jurisdiction based on the Amended Complaint's remaining references to, *inter alia*, "deliberate indifference and callous disregard for [Plaintiff's] rights," "excessive force," and "constitutional limitations," and that the Amended Complaint is an attempt to manipulate the forum (among other arguments).[8]

During the conference, Plaintiff's counsel confirmed that the Amended Complaint intended to delete all federal claims and Plaintiff will not seek to raise federal claims in the future. Defendant stated that it was not previously clear if Plaintiff had deleted all federal claims but Plaintiff's counsel's representation before this Court clarified that issue, and therefore, Defendant no longer opposes remand.  As Plaintiff has deleted all federal claims, and only state law claims remain, the matter is ripe for remand, which is not opposed by Defendant.

****

---

[5] R. Doc. 3, p. 2 ("Additionally, state courts have concurrent jurisdiction over claims brought under 42 U.S.C. §1983" at R. Doc. 1-1, ¶ 2), and ("Because **OFFICER CHAMBLISS** exhibited reckless or callous indifference to the federally protected rights of **MR. SEXTON,** he is entitled to an award of *punitive damages* against him pursuant to 42 U.S.C. § 1983" at R. Doc. 1-1, ¶ 28) (emphasis and strikeouts in original).

[6] R. Doc. 4.

[7] R. Doc. 6, p. 1 and R. Doc. 6-1, p. 4, citing *Enochs v. Lampasas County*, 641 F.3d 155 (5th Cir. 2011).  That same day, Defendant filed its Motion to Dismiss, seeking dismissal of the New Roads Police Department because it is not a juridical entity and therefore lacks procedural capacity to be sued. R. Doc. 5.

[8] R. Doc. 7, pp. 2-3, 6.