UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN DILLON SEXTON and PARKER SEXTON | : | CASE NO.: 3:26-cv-00088-SDD-EWD |
| VERSUS | : | JUDGE SHELLY D. DICK |
| JOHN CHAMBLISS and NEW ROADS POLICE DEPARTMENT | : | MAGISTRATE ERIN WILDER-DOOMES |

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

**MOTION TO STRIKE PLEADINGS FILED IN STATE COURT, TO QUASH DEPOSITION SUBPOENA AND/OR FOR PROTECTIVE ORDER**

NOW INTO COURT comes the NEW ROADS POLICE DEPARTMENT, solely for the purpose of this motion being filed pursuant to FRCP 12(f) and FRCP 45, respectfully moves this Honorable Court to strike certain pleadings filed in the state court suit which were filed after removal of this action to this Honorable Court, and to quash the deposition subpoena requested by plaintiffs' counsel in the state court proceedings, which has been served on Officer John Chambliss.  Mover further avers as follows:

1.

On December 8, 2025, plaintiffs, John Dillon Sexton, individually and on behalf of his minor son, Parker Sexton, filed a Petition for Damages in the 18th Judicial District Court, Parish of Pointe Coupee [Doc. 1-1].

2.

Defendant filed a Notice to Remove the case on January 22, 2026 [Doc. 1-2].

3.

Defendant likewise filed a Notice of Removal as required by 28 U.S.C.A. 1446 on

January 22, 2026 [Exhibit A - File-stamped copy of State Court Notice of Removal with Exhibit 1 attachments].

4.

In response to removal, plaintiffs filed a First Amended Complaint, amending Paragraph 2 of their original Petition to remove the sentence reading, "Additionally, state courts have concurrent jurisdiction over claims brought under 42 U.S.C. §1983," and Paragraph 28 of their original Petition to delete the paragraph entirely.

5.

On January 26, 2026, the Court set a telephone conference call for February 10, 2026 to discuss subject matter jurisdiction [Doc. 4].

6.

Mover filed a Motion to Dismiss and Memorandum in Support on February 6, 2026 for the only served defendant, New Roads Police Department, based on lack of juridical capacity [Doc. 5].

7.

On February 6, 2026, plaintiffs filed a Motion to Remand [Doc. 6]. Mover opposed the Motion to Remand [Doc. 7].

8.

A telephone status conference call was held with the Magistrate Judge on February 10, 2026. Thereafter, the Court issued a Telephone Conference Report [Doc. 8].

9.

To date, only the Telephone Conference Report has been entered into the record, and no

Remand Order has been signed, filed of record, and/or directed to the State District Court.

10.

Thereafter, on February 11, 2026, plaintiffs' counsel wrote to undersigned counsel by email seeking clarification of Officer Chambliss' departure overseas with the National Guard and requested availability to depose Officer Chambliss and Mayor Smith (Exhibit B, email thread starting February 11, 2026, *en globo*).

11.

The next day, on February 12th, plaintiffs' counsel sent another email, along with a media article, asking for available dates to depose Officer Chambliss within the "next forty-five (45) days" (Exhibit B).

12.

Thereafter, on February 19, 2026, plaintiffs' counsel sent a Notice of Deposition purporting to set Officer Chambliss' deposition on March 16, 2026 at 10:00 am (Exhibit B).

13.

Undersigned counsel responded to plaintiffs' counsels' emails on February 19, 2026, advising that she had been out of the office on vacation and remained out of state. Therein, undersigned counsel advised that the Remand Order had not been entered, that the City of New Roads and Officer Chambliss had still never been served with the lawsuit, confirming that Officer Chambliss did not deploy with his National Guard unit, that she was not available for a deposition on March 16, 2026, and that issue has not been properly joined in this matter, since two of the three named defendants were never served, and responsive pleadings have not been filed. Undersigned counsel likewise advised plaintiffs' counsel to note our objection to the notice

of deposition and requested that if plaintiffs' counsel insisted on trying to move forward with the unilaterally set deposition, we would proceed with an appropriate motion (Exhibit B).[1]

14.

Undersigned counsel received no response to her February 19, 2026 email.

15.

Upon review of the State District Court docket, on February 19, 2026, counsel for plaintiffs filed the Notice of Deposition, a letter forwarding same to the Clerk of Court, and requested a subpoena be directed to Officer Chambliss for his appearance at a deposition set at plaintiffs' counsel's office on March 16, 2026 (Exhibit C - State court documents filed on February 19, 2026, *en globo*). Undersigned counsel was not provided with a copy of the letter submitting the Notice of Deposition for filing, nor with a copy of the request for the subpoena to Officer Chambliss (*Id* and Exhibit D – copy of docket sheet for state court proceedings).

16.

Since there has been no remand Order issued by this Honorable Court and no remand Order filed with the state district court, the pleadings and documents filed, as well as the subpoena requested by plaintiffs' counsel in the state court proceedings are void *ab initio* and have no legal effect. The State Court does not currently have jurisdiction over this lawsuit and it is without power to accept pleadings and/or issue subpoenas.

17.

Mover seeks relief in this Honorable Court, since filing of this Motion in State Court would have no effect and would be void *ab initio*, since the state court is currently divested of

---

[1] See also Exhibit D which is a printout of the state court docket sheet as of this date.

jurisdiction over this matter.

WHEREFORE, for the reasons stated herein, as well as in the Memorandum in Support filed contemporaneously herewith, defendant/mover prays for an Order from this Honorable Court striking plaintiffs' counsel's February 19, 2026 filings in the state court proceedings, quashing the subpoena issued/served on Officer Chambliss to secure his appearance at the unilaterally set March 16, 2026 deposition and/or for a protective order preventing plaintiffs' counsel from proceeding further in the state court proceedings, including attempts to conduct formal discovery therein.[2]

AND FOR ALL JUST AND EQUITABLE RELIEF, ETC.

                                BORNE, WILKES & RABALAIS, L.L.C.

BY:        S/Joy C. Rabalais
         JOY C. RABALAIS (26476), T.A.
         JORDAN JOHN HENAGAN (36206)
         GRANT R. SCHEXNAILDER (40040)
         HUNTER B. AHIA (40251)
         200 West Congress Street, Suite 1000
         Post Office Box 4305
         Lafayette, Louisiana 70502-4305
         Telephone: (337) 232-1604 Ext. 232
         Facsimile: (337) 232-1837
         E-mail: rabalais@bornewilkes.com

         ATTORNEYS FOR the NEW ROADS POLICE DEPARTMENT

---

[2] Mover notes that discovery is premature in this Honorable Court, since there has been no Scheduling Order issued, and the parties have not conducted their Rule 26 Conference. FRCP Rule 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."